IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

| | |
|---|---|
| ALLA GUREVICH, individually, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>PNC BANK,<br><br>Defendant. | No.: 24 Civ. 11376<br><br><br><br>CLASS ACTION COMPLAINT |

Alla Gurevich ("Gurevich" or "Plaintiff"), as class representative, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime wages, and other damages for Plaintiff and her similarly situated co-workers – mortgage loan officers – who work or have worked for PNC Bank ("PNC Bank" or "Defendant") in the state of New Jersey ("MLOs").

2. Plaintiff brings this action on behalf of herself and similarly situated MLOs in New Jersey pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New Jersey Wage and Hour Law ("NJWHL"), 34:11-56a *et seq.*; and the New Jersey Wage Payment Law ("NJWPL"), 34:11-4.1, *et seq*.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over the state law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in Plaintiff's proposed class; (2) at least some members of the

proposed class have different citizenship from Defendant; and (3) the claims of the proposed class members, upon information and belief, exceed $5,000,000 in the aggregate.

4. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Defendant conducts business within this District and also because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

**Plaintiff**

### Alla Gurevich

5. Alla Gurevich ("Gurevich") is an adult residing in Manalapan, New Jersey.

6. Gurevich was employed by Defendant as a MLO in New Jersey from on or around December 14, 2018 until on or around October 31, 2020.

7. Gurevich is a covered employee within the meaning of the NJWHL.

**Defendant**

### PNC Bank

8. PNC is a national banking and financial services company operating throughout the United States. Defendant serves customers throughout the United States at their over 2,500 branch locations.

9. PNC Bank maintains its headquarters at 300 Fifth Avenue, The Tower at PNC Plaza, Pittsburgh, PA 15222.

10. Defendant is a covered employer within the meaning of the NJWHL, and, at all times relevant, employed Plaintiff and similarly situated employees.

11. At all times relevant, PNC Bank has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including, but not limited to: hiring, firing,

discipling, timekeeping, payroll, and other employment practices.

12. PNC Bank applies the same employment policies, practices, and procedures to all MLOs at PNC Bank, including policies, practices, and procedures regarding payment of wages to MLOs who work over 40 hours in a workweek.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings the First and Second Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as MLOs for PNC Bank in New Jersey between August 6, 2019 and the date of final judgment of this matter (the "NJ Class").

14. The members of the NJ Class are so numerous that joinder of all members is impracticable, and the disposition of their claim as a class will benefit the parties and the Court.

15. There are more than fifty members of the NJ Class.

16. Plaintiff's claim is typical of the claim that could be alleged by any member of the NJ Class, because Plaintiff, like all putative class members, was denied overtime wages under the NJWHL. Plaintiff's claims are typical of those claims that could be alleged by any NJ Class members, and the relief sought is typical of the relief which would be sought by each member of the NJ Class in separate actions.

17. Plaintiff and the NJ Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct.

18. Defendant's corporate-wide policies and practices affected everyone in the NJ Class similarly, and Defendant benefited from the same unfair and/or wrongful acts as to each member of the NJ Class.

19. Plaintiff is able to fairly and adequately protect the interests of the NJ Class and has no interests antagonistic to the NJ Class.

20. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.

22. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

23. Common questions of law and fact exist as to the NJ Class that predominateover any questions only affecting Plaintiff and/or each member of the NJ Class individuallyand include, but are not limited to, whether Defendant correctly compensated Plaintiff and the NJ Class for all hours worked in excess of 40 per workweek.

## FACTUAL ALLEGATIONS

24. Consistent with their policies and practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Alla Gurevich**

25. Gurevich was employed by PNC Bank as a MLO in New Jersey from on or around December 14, 2018 until on or around October 31, 2020. During this time, Gurevich worked for Defendant in Fords, New Jersey.

26. The primary duty of Gurevich and MLOs is sales and sales support, including assisting Defendant's customers with their mortgage applications, advising customers about available loan products, programs, rates, policies, underwriting requirements and loan procedures, and selling Defendant's various mortgage-related products to Defendant's customers.

27. Defendant compensated Gurevich a fixed salary of $3,000 per month, plus commission based on sales of mortgage loan products.

28. Throughout her employment, Gurevich regularly worked over 40 hours per week. In fact, Gurevich typically worked between 9 and 12 hours a day, 6 days a week.

29. Despite regularly working over 40 hours per workweek, Gurevich generally only recorded 40 hours in most workweeks, and thus was not paid for all of her overtime hours worked.

30. MLOs at PNC, like Gurevich, regularly worked over 40 hours per workweek.

31. Defendant required Gurevich and MLOs to perform significant off-the-clock work.

32. Defendant knew that Gurevich and MLOs were working more hours than recorded in the company-wide timekeeping system.

33. Gurevich and MLOs were required to use Defendant's digital applications to perform their work duties.

34. Gurevich and MLOs regularly did not record all hours worked because of a common policy and practice by Defendant of discouraging the recording of all hours worked.

35. Gurevich and MLOs spent considerable time working outside of the confines of regular business hours, including taking and receiving phone calls and e-mails, processing loan applications, and doing other paperwork integral to the performance of their duties.

36. Defendant continued to suffer and permit Gurevich and MLOs to work this

5

unrecorded time.

37. Gurevich and MLOs were entitled to payment of overtime at one-and-one-half times their regular rate of pay for the hours worked in excess of forty hours in workweeks.

38. Gurevich and MLOs also were entitled to payment of overtime wages on the commissions earned.

39. Gurevich and MLOs were denied overtime owed on the commissions earned because of the common policy and practice by Defendant of discouraging the recording of all time worked.

40. Gurevich and MLOs were paid according to the same pay policy.

41. Gurevich and MLOs were not paid for all of their time worked, or for all of the overtime earned, because of the same policy and practice by Defendant.

42. Thus, Defendant failed to pay proper overtime compensation due to its policy and practice of not paying Gurevich and similarly situated employees for all compensable time they worked.

**FIRST CAUSE OF ACTION**
**New Jersey Wage and Hour Law Violations**
**Brought on behalf of Plaintiff and the NJ Class**

43. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

44. Defendant is an employer covered by the NJWHL, N.J.S.A. 34:11- 56a(1)(g).

45. Plaintiff and the NJ Class are covered employees by the NJWHL, N.J.S.A. 34:11-56a(1)(h).

46. The overtime wages sought by this claim are "wages" as defined by N.J.S.A. 34:11 56(a)(1)(d).

47. Throughout the relevant period, Defendant has been subject to the NJWHL and

the enabling Regulations noted here.

48. Defendant failed to pay Plaintiff and the NJ Class the premium overtime wages to which they were entitled under the NJWHL – at rate of one and one half times their regular rate of pay – for all hours worked beyond 40 per workweek.

49. Defendant's actions in violation of the NJWHL have been made willfully to avoid liability under the NJWHL.

50. Defendant's violation of the NJWHL was not a first-time violation resulting from an inadvertent error made in good faith.

51. Defendant and its senior management had no reasonable basis to believe that Plaintiff and Class Members were not entitled to the appropriate overtime wages for hours worked in excess of 40 hours per workweek.

52. As alleged herein, Defendant has failed to compensate Plaintiff and the NJ Class the appropriate overtime wages for hours worked in excess of 40 per workweek.

53. Defendant knew or should have known that its policy and practice would deny Plaintiff and the NJ Class the overtime pay required by the NJWHL.

54. Defendant violated the NJWHL by failing to pay New Jersey overtime wages for all hours worked over 40 per workweek to Plaintiff and the NJ Class.

55. Defendant's violations of the NJWHL were willful.

56. As set forth above, Plaintiff and the NJ Class have sustained losses and lost compensation as a proximate result of Defendant's violations.

57. Accordingly, Plaintiff, on behalf of herself and the NJ Class, seeks damages in the amount of their unpaid overtime wages, interest, liquidated damages, and reasonable attorneys' fees and costs. N.J.S.A. § 34:11-56a25.

## SECOND CAUSE OF ACTION
### New Jersey Wage Payment Law Violations
### Brought on behalf of Plaintiff and the NJ Class

58. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiff and the NJ Class are employees entitled to the NJWPL's protections.

60. Defendant is an employer covered by the NJWPL.

61. The NJWPL requires that Plaintiff and the NJ Class receive all wages due. N.J.S.A. 34:11-4.2.

62. Defendant promised to pay Plaintiff and the NJ Class for all hours worked.

63. As stated herein, Defendant failed to compensate Plaintiff and the NJ Class for all hours worked.

64. Defendant violated the NJWPL, and their agreement with Plaintiff and the NJ Class, by failing to pay Plaintiff and the NJ Class for all wages due, including time spent working off the clock.

65. Accordingly, Plaintiff, on behalf of herself and the NJ Class, seeks damages in the amount of their unpaid wages, interest, liquidated damages, and reasonable attorneys' fees and costs. N.J.S.A. § 34:11-56a25.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, seeks for the following relief.

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the NJ Class and counsel of record as Class Counsel;

      C. Unpaid overtime wages, and an additional amount equal to not more than two hundred percent of liquidated damages pursuant to the N.J.S.A. § 34:11-56a, *et seq.*; 34:11-4.1, *et seq.*, and the supporting New Jersey Department of Labor and Workforce Development Regulations;

      D. Interest, as available under the law;

      E. Reasonable attorneys' fees and costs of the action; and

      F. Such other and further relief as this Court shall just and proper.

Dated: New York, New York
December 20, 2024

      Respectfully Submitted,

      */s/ Dana M. Cimera*
      Dana M. Cimera

      **FITAPELLI & SCHAFFER, LLP**
      Brian S. Schaffer*
      Dana M. Cimera
      28 Liberty Street, 30th Floor
      New York, New York 10005
      Telephone: (212) 300-0375
      jfitapelli@fslawfirm.com
      dcimera@fslawfirm.com

      **AND**

      **THE EMPLOYMENT RIGHTS GROUP, LLC**
      Joseph H. Chivers*
      100 First Avenue, Suite 650
      Pittsburgh, PA  15222
      jchivers@employmentrightsgroup.com
      Tel: (412) 227-0763
      Fax: (412) 774-1994

      *\*Admission pro hac vice forthcoming*
      *Attorneys for Plaintiff and the Putative Class*